# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
    **Plaintiff,**

v.                                        Case No. 12-CR-34

**ARTHUR JENKINS**
    **Defendant.**

## DECISION AND ORDER

The government charged defendant Arthur Jenkins with fourteen counts of theft of property of the United States, contrary to 18 U.S.C. § 641. The indictment alleges that "B.P." received social security retirement benefits from the Social Security Administration ("SSA"). B.P. resided with defendant and members of his family in Milwaukee, Wisconsin. The SSA caused the benefits to be directly deposited into an account in B.P.'s name, but which was actually under defendant's control (without B.P.'s consent). B.P. did not have a legal guardian or representative payee registered with or approved by the SSA, and the SSA was unaware that B.P. did not have actual control over the account into which the benefits were deposited. The indictment alleges that on fourteen separate dates defendant "stole and converted to his own use and the use of another property belonging to the United States, namely Social Security retirement benefits made payable to and intended for the benefit of B.P." (Indictment [R. 1] at 2.)

Defendant moved to dismiss the indictment, arguing that it failed to state a federal crime. Specifically, he argued that the indictment failed to properly allege that the stolen property belonged to the United States (rather than B.P.); absent government ownership or control of

the funds, the alleged theft of B.P.'s money would be a state matter. The magistrate judge handling pre-trial proceedings in this case recommended that the motion be denied, finding the ownership/control issue a matter for resolution at trial rather than via pre-trial motion. Defendant timely objects, so I must review the matter de novo. See Fed. R. Crim. P. 59(b).

## I. APPLICABLE LEGAL STANDARDS

Under Fed. R. Crim. P. 7(c)(1), the indictment must "be a plain, concise, and definite written statement of the essential facts constituting the offense charged." An indictment is sufficient if it: (1) states the elements of the offense charged; (2) fairly informs the defendant of the nature of the charge so that he may prepare a defense; and (3) enables him to plead an acquittal or conviction as a bar against future prosecutions for the same offense. United States v. Ramsey, 406 F.3d 426, 429 (7th Cir. 2005). The indictment need not "exhaustively recount the facts surrounding the crime's commission," United States v. Agostino, 132 F.3d 1183, 1189 (7th Cir. 1997), or provide the details of how it will be proved, id. at 1191. Simply tracking the language of the charging statute will generally suffice. Id. at 1189.

At the pre-trial stage, "the indictment ordinarily should be tested solely by its sufficiency to charge an offense, regardless of the strength or weakness of the government's case." United States v. Risk, 843 F.2d 1059, 1061 (7th Cir. 1988). A defendant may not, via pre-trial motion, challenge the sufficiency of the government's proof. See United States v. Yasak, 884 F.2d 996, 1001 (7th Cir. 1989) ("A motion to dismiss is not intended to be a 'summary trial of the evidence.'"); see also Fed. R. Crim. P. 12(b)(2) (stating that the court must be able to decide pre-trial motions "without a trial of the general issue"). When considering a pre-trial motion to dismiss, the court will assume that all facts in the indictment are true and view the facts in the light most favorable to the government. United States v. Fenzl, 731 F. Supp. 2d

796, 799 (N.D. Ill. 2010) (citing United States v. Yashar, 166 F.3d 873, 880 (7th Cir. 1999)). Further, the court in considering such a motion asks not whether the indictment alleges sufficient facts from which a jury could find the defendant guilty, but whether the government could conceivably produce sufficient evidence at trial. United States v. Segal, 299 F. Supp. 2d 840, 844 (N.D. Ill. 2004) (citing United States v. Castor, 558 F.2d 379, 384 (7th Cir. 1977)). Accordingly, the court should dismiss an indictment only if the government's inability to prove its case appears convincingly on the face of the indictment. Id. A defense to the charge may be determined prior to trial if it involves questions of law rather than fact; however, if the pretrial defense claim "is substantially intertwined with the evidence concerning the alleged offense, the motion to dismiss falls within the province of the ultimate finder of fact." Yasak, 884 F.2d at 1001 n.3.

## II. DISCUSSION

**A. Sufficiency of the Indictment to Allege a Federal Crime**

Section 641 provides that:

> Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof [shall if the value of the property exceeds $1000 be imprisoned not more than ten years.]

18 U.S.C. § 641. In order to establish a violation of § 641, the government must prove that: (1) the money described in the indictment belonged to the United States; (2) the defendant stole or converted that money to the defendant's own or another's use; and (3) the defendant did so with the intent to deprive the United States of the use or benefit of that money. Federal Criminal Jury Instructions of the Seventh Circuit 205 (1999). Defendant attacks the

3

government's ability to prove the first element, arguing that once the SSA deposited the money into B.P.'s account the money no longer "belonged to the United States."

The cases hold that stealing or intercepting a government check prior to its receipt and endorsement by the named payee violates 18 U.S.C. § 641. See, e.g., United States v. Gill, 193 F.3d 802, 804 (4th Cir. 1999) (collecting cases). On the other hand, stealing funds after their direct deposit into the intended recipient's bank account (with no "strings attached") does not.[1] See, e.g., United States v. Howard, 787 F. Supp. 769, 771 (S.D. Ohio 1992). The instant indictment seems to allege that defendant stole the money after direct deposit into B.P.'s account, which would place this case in the Howard camp.

However, the indictment also suggests that the funds were incorrectly deposited into an account over which defendant, rather than B.P., had control. In United States v. Walker, 563 F. Supp. 805 (S.D. Iowa 1983), the court held that funds erroneously deposited into the bank account of a deceased person (which the defendant then withdrew), remained the property of the United States. This was so, the court concluded, because the SSA was entitled to recover these overpayments from the recipient or his estate.[2] Id. at 809-10. Walker may provide a theory under which the government could, in the present case, show "supervision and control" over the funds after their direct deposit. See United States v. Wheadon, 794 F.2d 1277, 1283-84 (7th Cir. 1986) ("In determining whether stolen funds are things of value of the United

---

[1] The exception noted in the parenthetical above covers situations in which the federal government requires that the money be put to particular uses. See, e.g., United States v. Reynolds, 919 F.2d 435, 438 (7th Cir. 1990). The exception does not apply when the intended recipient can use the money as she pleases. Howard, 787 F. Supp. at 771.

[2] The Howard court distinguished Walker because in Howard everyone agreed that the funds were properly deposited into the recipient's account before the defendant withdrew them.

4

States, we look to see whether the federal government still maintained supervision and control over the funds at the point when the funds were converted.").

It would be improper to conclude, on the basis of this record, that the government cannot conceivably establish the necessary supervision and control over these funds. Resolution of this issue will, as the magistrate judge noted, require consideration of facts outside the four corners of the indictment. Consideration of such facts is the province of the jury, not the court on a pre-trial motion. Should the government fail to present a viable theory at trial, defendant will of course be free to move for judgment of acquittal under Fed. R. Crim. P. 29. But dismissing the case now would be premature.[3]

**B.    Defendant's Objections**

In his objections, defendant argues that it is unclear from the language of the indictment whether the government presented sufficient evidence to a properly instructed grand jury on the supervision and control element. Therefore, he contends, the indictment violates his Fifth Amendment right to grand jury presentment and should be dismissed. If not dismissed, he asks the court to conduct an in camera review of the grand jury charge to determine whether the grand jury was properly instructed on the "property of the United States" element.

---

[3]In his original motion, defendant argued that the indictment failed to invoke the court's jurisdiction and was thus subject to dismissal under Fed. R. Crim. P. 12(b)(3)(B). Government ownership of the subject funds provides the jurisdictional "hook" for federal prosecutions under 18 U.S.C. § 641, see United States v. Jeffery, 631 F.3d 669, 675 (4th Cir.), cert. denied, 132 S. Ct. 187 (2011), but this does not mean that such jurisdictional elements should be decided by the court before trial, see United States v. Nukida, 8 F.3d 665, 669-73 (9th Cir. 1993) (reversing dismissal of indictment where jurisdictional element involved a factual determination intermeshed with questions going to the merits). It is also important to note that Howard and Walker were both decided after trial, not on pre-trial motions; defendant cites no authority for dismissing a case pre-trial under similar circumstances. See United States v. Crouse, No. 09-CR-16, 2009 WL 2151364 (E.D. Wis. July 17, 2009) (Randa, J.) (denying pre-trial motion to dismiss based on jurisdictional element of 18 U.S.C. § 641).

This is a somewhat different argument than the one presented in defendant's initial motion, but I nevertheless find that it lacks merit. An indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence, United States v. Calandra, 414 U.S. 338, 345 (1974); United States v. Roth, 777 F.2d 1200, 1203 (7th Cir. 1985), and defendant cites no authority supporting a claim of grand jury error under the circumstances presented here. See generally United States v. Williams, 504 U.S. 36 (1992) (stating that the court's supervisory power to dismiss an indictment based on matters occurring before the grand jury should be limited to violations of those few, clear rules approved by the Supreme Court and Congress to ensure integrity of grand jury's functions); Bank of Nova Scotia v. United States, 487 U.S. 250 (1988) (holding that a district court exceeds its powers in dismissing an indictment for prosecutorial misconduct not prejudicial to the defendant).

To the extent that grand jury misinstruction may provide a basis for dismissal, see United States v. Buske, No. 09-CR-65, 2010 WL 3023364, at *3 n.5 (E.D. Wis. July 29, 2010) (collecting cases), the proponent must offer more than speculation in support of such a claim, id. at *3 (collecting cases). In this case, defendant infers that because the Walker theory is not spelled out in the indictment, we cannot know whether the grand jury found probable cause on that (or some other legitimate) basis. However, the government's theory of prosecution need not be spelled out in the indictment, Agostino, 132 F.3d at 1191; see also United States v. McCarty, 862 F.2d 143, 145-46 (7th Cir. 1988) (finding that general allegations tracking the statutory language sufficed), so the court cannot assume error based on its absence. Defendant provides no other basis for supposing prejudicial misinstruction.

Defendant's alternate argument that I should review the grand jury charge in camera

6

also fails. A party seeking to breach grand jury secrecy must demonstrate compelling necessity. See, e.g., Matter of EyeCare Physicians of America, 100 F.3d 514, 518 (7th Cir. 1996); Hernly v. United States, 832 F.2d 980, 983-84 (7th Cir. 1987). Under the present circumstances, where the indictment is valid on its face, the government has provided full access to discovery (and will provide certain grand jury material prior to trial), and defendant may contest the sufficiency of the evidence on this element at trial, disclosure is not necessary to avoid a possible injustice. Further, as discussed above, defendant provides an insufficient showing "that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii).

Defendant in his objections also criticizes the magistrate judge for relying on facts not alleged in the indictment to posit a theory under which federal jurisdiction would exist. However, as indicated above:

> The question before a court on a motion to dismiss is not whether the indictment alleges sufficient facts from which a jury could find that a defendant violated a given statute, but whether the Government "conceivably could produce [such] evidence at trial." United States v. Castor, 558 F.2d 379, 384 (7th Cir. 1977). A court should dismiss the indictment only if the Government's inability to produce sufficient evidence "so convincingly appears on the face of the indictment that as a matter of law there need be no necessity for such delay." Id.

Segal, 299 F. Supp. 2d at 844.

Defendant argues that it may not from the indictment be inferred (and the discovery contains no evidence) that the SSA would have refused to deposit the funds into the account B.P. designated had it known defendant truly controlled it, or that B.P. was not the person who instructed the SSA to deposit the money into that account. What the evidence shows – and what inferences may be drawn from the facts – are issues for the jury at trial.

7

### III.  CONCLUSION

**THEREFORE, IT IS ORDERED** that the magistrate judge's recommendation (R. 13) is adopted, and defendant's motion to dismiss (R. 8) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 3rd day of May, 2012.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge